**FOX ROTHSCHILD LLP**
Christopher (Casey) McNamara (SBN 209205)
cmcnamara@foxrothschild.com
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone:  (415) 364-5540
Facsimile:   (415) 391-4436

Matthew R. Follett (SBN 325481)
mfollett@foxrothschild.com
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 598-4150
Facsimile:   (310) 556-9828

Attorneys for Plaintiff
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NINESQUARE CAPITAL PARTNERS, LLC, a California limited liability company; BRIAN LAM, an individual; and DOES 1 through 10, inclusive.<br><br>　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>(1) BREACH OF CONTRACT<br>(2) EXPRESS CONTRACTUAL INDEMNITY<br>(3) MONEY HAD AND RECEIVED<br>(4) FRAUD |

COMPLAINT

127962970.1

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") hereby complains and alleges against defendants Ninesquare Capital Partners, LLC; Brian Lam; and Does 1 through 10, inclusive, and each of them, as follows

## INTRODUCTION

1. Wells Fargo sues defendant Ninesquare Capital Partners, LLC and defendant Brian Lam to recover more than $59,335.34 in special damages that it suffered when defendant Brian Lam, while acting on behalf of himself and Ninesquare Capital Partners, LLC, deposited demand drafts into his Wells Fargo account that were returned as unpaid. Wells Fargo furthermore seeks punitive damages.

## PARTIES

2. Plaintiff Wells Fargo is, and at all times mentioned in this complaint was, a national banking association with its main office, as designated in its articles of association, located in Sioux Falls, South Dakota. Wells Fargo is, and at all times mentioned herein was, qualified to conduct business in the state of California.

3. Defendant Ninesquare Capital Partners, LLC ("Ninesquare Capital Partners") is a Limited Liability Corporation with its main office in Pasadena, California. Ninesquare Capital Partners is, and at all times mentioned herein was, qualified to conduct business in California.

4. Defendant Brian Lam ("Lam") is an individual and citizen of the state of California.

5. The true names of Defendants Does 1 through 10, inclusive, are unknown to Wells Fargo at this time. Wells Fargo sues those defendants by such fictitious names pursuant to *Code of Civil Procedure Section* 474. Each of the defendants designated as a Doe defendant is alleged to be legally responsible for the damages to Wells Fargo alleged herein. When the true names, involvement, and capacities of Does 1 through 10, inclusive, are ascertained, Wells Fargo will seek leave to amend this Complaint accordingly.

**JURISDICTION**

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because Wells Fargo is a citizen of South Dakota, both named defendants are citizens of California, and the amount in controversy exceeds the statutory threshold of $75,000 pursuant to 28 U.S.C. § 1332.

**VENUE**

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Lam resides in this Court's judicial district, Ninesquare Capital Partners is headquartered in it, and a substantial part of the events or omissions giving rise to Wells Fargo's claims occurred in it.

8. Pursuant to Central District of California General Order No. 349, this action is properly assigned to the Western Division of the Central District of California because Lam resides in the Western Division.

**FACTS**

9. Ninesquare Capital Partners was the owner of a Navigate Business Checking account maintained at Wells Fargo ending in 0719 (the "Account").

10. Ninesquare Capital Partners opened the Account on January 11, 2018, at which time it executed an application for the Account (the "Account Application"), a true and correct copy of which is attached hereto as Exhibit "A."

11. The Account Application provides that the Account is governed by an account agreement (the "Account Agreement"). A true and correct copy of the Account Agreement is attached hereto as Exhibit "B."

12. Page 15 of the Account Agreement provides that an account holder must indemnify and hold Wells Fargo harmless from all losses and expenses (including attorneys' fees and expenses) arising out of or in any way connected with Wells Fargo's performance under the Account Agreement, and that such indemnification will survive the termination of the Account Agreement.

13. Page 16 of the Account Agreement provides that Wells Fargo may

reverse or adjust any erroneous debit or credit in an account, without notice.

14. Page 21 of the Account Agreement provides that, when a deposited or cashed item is returned unpaid, Wells Fargo may deduct the amount of the item, even if the funds from the item have already been withdrawn and the account balance is not sufficient to cover the deduction.

15. Page 28 of the Account Agreement provides that if an account holder incurs an overdraft, the account holder must make a deposit or transfer to promptly return the account to a positive balance. If the account holder fails to do so, the Account Agreement permits Wells Fargo to close the account and initiate collection efforts. The Account Agreement provides for the recovery of attorneys' fees and costs for any such efforts.

16. Wells Fargo is informed and believes, and on that basis alleges, that Wytcote Wytcote is a business entity, unknown in form and status, over which Lam exerts total control of business and financial activities. Lam founded Wytcote Wytcote when he lived at 938 18th Street., Apt 7, in Santa Monica, CA 90403.

17. On behalf of himself and Ninesquare Capital Partners, Lam deposited four demand drafts (the "Demand Drafts") into the Account between April 23 and April 26, 2001. Ninesquare Capital Partners was the payee for the Demand Drafts. True and correct copies of the Demand Drafts are attached hereto as Exhibit "C."

(a) On April 23, 2021, Lam deposited demand draft number 48210, which was for $67,000 (the "48210 demand draft"). The drawer was Tom Watts and the drawee was Texas Capital Bank.

(b) On April 23, 2021, Lam deposited demand draft number 1067, which was for $95,000 (the "1067 demand draft"). The drawer was Wytcote Wytcote and the drawee was Bank of America, N.A.

(c) On April 26, 2021, Lam deposited demand draft number 1071, which was for $70,000 (the "1071 demand draft"). The drawer was Wytcote Wytcote and the drawee was Bank of America, N.A.

(d) On April 26, 2021, Lam deposited demand draft number 1072, which was for $80,000 (the "1072 demand draft"). The drawer was Wytcote Wytcote and the drawee was Bank of America, N.A.

18. Wells Fargo immediately granted access to the funds after each deposit, which Lam proceeded to withdraw, transfer, or otherwise dissipate on behalf of himself and Ninesquare Capital Partners.

19. The Demand Drafts were returned unpaid. The 1067 demand draft, the 1071 demand draft, and the 1072 demand draft were returned for Not Sufficient Funds. The 48210 demand draft was returned as Altered / Fictitious. Because Lam had already withdrawn, transferred, or otherwise dissipated the funds, it caused the Account to be overdrawn by $59,335.34 (the "Overdraft").

20. Prior his deposit of the 1067 demand draft, Lam knew that it would be returned for insufficient funds because he knew that balance of the account from which the funds were to be drawn when he deposited the 1069 demand draft vis-à-vi his access to the account and control over Wytcote Wytcote's financial activities.

21. On October 13, 2021, Wells Fargo demanded that the Defendants repay the $59,335.34 for the Overdraft, but they have failed to do so.

22. All conditions precedent to this action have occurred or have been performed or have otherwise been waived or excused.

## FIRST CLAIM FOR RELIEF

**Breach of Contract**

**(Against Ninesquare Capital Partners)**

23. Wells Fargo incorporates and realleges the allegations of paragraphs 1 through 22, inclusive, of this complaint, as if fully set forth herein.

24. Ninesquare Capital Partners and Wells Fargo entered into the Account Agreement, which governed the Account.

25. Wells Fargo has performed all the conditions, covenants, promises, and agreements required of it under the terms of the Account Agreement, except for any

that have been waived or excused.

26. Ninesquare Capital Partners has failed and refused, and continues to fail and refuse, to perform all its obligations under the Account Agreement.

27. Ninesquare Capital Partners breached the Account Agreement by, among other things and without limitation, failing to repay the Overdraft.

28. Because of Ninesquare Capital Partners' failure to perform its obligations under the Account Agreement, Wells Fargo has been damaged in the sum of $59,335.34, plus interest, costs, and expenses, no part of which has been paid. Further, pursuant to the Account Agreement, Wells Fargo is entitled to recover its attorneys' fees and expenses incurred in collecting any overdraft in the Account. Further, as the amount of the damages are liquidated, Wells Fargo is entitled to prejudgment interest from the date of the breach.

## **SECOND CLAIM FOR RELIEF**

### **Express Contractual Indemnity**

### **(Against Ninesquare Capital Partners)**

29. Wells Fargo incorporates and realleges the allegations of paragraphs 1 through 28, inclusive, of this complaint, as if fully set forth herein.

30. The Account Agreement is a written contract between Wells Fargo and Ninesquare Capital Partners governing its activity in the Account, including the deposit of the Demand Drafts.

31. Page 15 of the Account Agreement contains the following express indemnity obligation:

> Except to the extent we fail to exercise ordinary care or to comply with the Agreement, you agree to indemnify and hold us harmless from all claims, demands, losses, liabilities, judgments, and expenses (including attorney's fees and expenses) arising out of or in any way connected with our performance under the Agreement You agree this indemnification will survive termination of the Agreement.

-6-
COMPLAINT

127962970.1

32. Wells Fargo has performed all the conditions, covenants, promises, and agreements required of it under the terms of the Account Agreement, except for any that have been waived or excused.

33. Wells Fargo suffered a loss of $59,335.34 resulting from Ninesquare Capital Partners' deposit of the Demand Drafts and subsequent withdrawal of the funds. This loss falls within the scope of the indemnity provision of the Account Agreement.

34. Despite demand by Wells Fargo, Ninesquare Capital Partners has not indemnified Wells Fargo against the loss.

35. Because of Ninesquare Capital Partners' failure to perform its indemnity obligation under the Account Agreement, Wells Fargo has been damaged in the sum of $59,335.34 for the Overdraft, plus interest, costs, and expenses, in an amount to be proven at trial, no part of which has been paid.

### THIRD CLAIM FOR RELIEF

### Money Had and Received

### (Against All Defendants)

36. Wells Fargo incorporates and realleges the allegations of paragraphs 1 through 35, inclusive, of this complaint, as if fully set forth herein.

37. Defendants received $59,335.34 from Wells Fargo after having deposited the Demand Drafts.

38. Defendants have no right to the $59,335.34 because the Demand Drafts were returned as unpaid. Because the Demand Drafts were returned, the $59,335.34 belongs entirely to Wells Fargo. Despites Wells Fargo's demands, Defendants have not returned the $59,335.34.

39. Defendants are indebted to Wells Fargo for $59,335.34, plus interest and costs, for money had and received.

## FOURTH CLAIM FOR RELIEF

### Fraud

### (Against All Defendants)

40. Wells Fargo incorporates and realleges the allegations of paragraphs 1 through 39, inclusive, of this complaint, as if fully set forth herein.

41. Defendants knew that by depositing the Demand Drafts, they were representing to Wells Fargo that the drawees of each demand draft would honor it when presented for payment by Wells Fargo. They also knew that Wells Fargo, as they intended, would reasonably rely on their representations and make the funds available prior to presenting the Demand Drafts to the drawees for payment.

42. Prior to depositing the Demand Drafts, however, Defendant knew they would be returned as unpaid. They were aware there were insufficient funds to honor the 1067 demand draft, the 1071 demand draft, and the 1072 demand draft. He further knew that the 48210 demand draft was altered or fictitious.

43. Despite knowing that the drawees of the Demand Drafts would return them as unpaid, Lam deposited them in the Account. Wells Fargo thereafter reasonably relied on the deposits as representations that the Demand Drafts would be honored when presented for payment.

44. Because of Defendants' representations, Wells Fargo made the funds available. It consequently incurred damages amounting to at least $59,335.34 when the Overdraft happened because the Demand Drafts were return as unpaid.

45. Defendants' acts constitute fraud with malice and oppression. Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Wells Fargo Bank, N.A., respectfully requests a judgment against defendant Ninesquare Capital Partners, defendant Brian Lam, and Does 1 through 10, inclusive, and each of them, as follows:

A. For damages in an amount to be proven at trial but at least $59,335.34;
B. For an award of attorneys' fees and expenses as authorized under the Account Agreement, according to proof;
C. For indemnification of all damages incurred by Wells Fargo, in an amount to be proven but at least $59,335.34, plus costs and expenses;
D. For prejudgment interest according to law;
E. For punitive damages;
F. For an award of costs and expenses incurred in this action; and
G. For such other relief as the Court deems just and proper.

Dated:  February 24, 2022                           FOX ROTHSCHILD LLP

                                                    /s/*Matthew R. Follett*

                                                By  Christopher (Casey) McNamara
                                                    Matthew R. Follett
                                                    Attorneys for Plaintiff,
                                                    WELLS FARGO BANK, N.A.

-9-
COMPLAINT

127962970.1