UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1277 PA (ASx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Ninesquare Capital Partners, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff Wells Fargo Bank, N.A. ("Plaintiff") against defendants Ninesquare Capital Partners, LLC, Brian Lam, and Does 1 through 10 ("Defendants").  The Complaint alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).  In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction."  Local Civil Rule 8-1.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1277 PA (ASx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Ninesquare Capital Partners, LLC, et al. | | |

     In support of its allegation that this Court possesses diversity jurisdiction over this action, the Complaint alleges that defendant Ninesquare Capital Partners, LLC is a "Limited Liability Corporation with its main office in Pasadena, California." (Compl. ¶ 3.) Because the Complaint does not identify the members of defendant Ninesquare Capital Partners, LLC and the citizenship of its members, the Complaint does not adequately allege defendant Ninesquare Capital Partners, LLC's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Plaintiff's allegations are not sufficient to invoke this Court's diversity jurisdiction.

     Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by March 25, 2022. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

     IT IS SO ORDERED.